UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America      :
                              :
     v.                       :      File No. 2:01-CR-88-01
                              :
Richard Breault               :


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 40)

Defendant Richard Breault has moved to strike his

sentence and for re-sentencing in light of the U.S.

Supreme Court's ruling in Blakely v. Washington, 124 S.

Ct. 2531 (2004).  (Paper 40).  The government has opposed

the motion, arguing that Blakely, and the Supreme Court's

extension of Blakely to the Federal Sentencing Guidelines

in United States v. Booker, 125 S. Ct. 738 (2005), cannot

be applied retroactively.  Breault has consented to

having his motion construed as a motion brought pursuant

to 28 U.S.C. § 2255.  (Paper 43).  For the reasons set

forth below, I agree with the government and recommend

that Breault's § 2255 motion be DENIED.

Factual Background

On November 1, 2002, Breault pleaded guilty to one

count of conspiracy to import more than 100 kilograms of

marijuana into the United States.  On January 30, 2003,

Breault was sentenced to 97 months in prison, to be followed by five years of supervised release.  In reaching this sentence, the Court increased Breault's offense level under the Federal Sentencing Guidelines due to his leadership role in the conspiracy, and denied him credit for acceptance of responsibility.

Breault filed a direct appeal, but subsequently withdrew his appeal.  Consequently, the Second Circuit dismissed Breault's appeal on April 9, 2003.  Breault filed his instant motion on June 30, 2004, claiming that he is entitled to "a new sentencing hearing since the Court increased his sentence based on factors not found by a jury in violation of his constitutional rights. Blakely v. Washington, ___ U.S. ___ (2004)."  (Paper 40).

## Discussion

In Booker, the Supreme Court applied its prior holding in Blakely to the Federal Sentencing Guidelines, and held that the Guidelines "violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge."  Guzman v.

United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing

Booker, 125 S. Ct. at 755-56).  The Second Circuit

subsequently held that Booker does not apply

retroactively to cases on collateral review that became

final prior to the Booker decision.  Id. at 144.

Specifically, in Guzman, the Second Circuit determined

that although Booker established a new rule of

constitutional law, the rule was procedural rather than

substantive.  Id. at 141-42.  Guzman further held that

the rule announced in Booker did not establish a

"watershed rule 'implicating the fundamental fairness and

accuracy of the criminal proceedings,'" and thus could

not be applied retroactively.  Id. at 142-43 (quoting

Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).

     Consequently, the law in this Circuit is that

Booker is not retroactive, "i.e., it does not apply to

cases on collateral review where the defendant's

conviction was final as of January 12, 2005, the date

that Booker was issued."  Id. at 144.  Similarly, courts

in this Circuit have uniformly held that Blakely, which

was decided in 2004, may not be applied retroactively.

See Green v. United States, 397 F.3d 101, 103 (2d Cir.

2005) ("[N]either <u>Booker</u> nor <u>Blakely</u> apply retroactively
to [petitioner's] collateral challenge" for purposes of
second or successive motion); <u>Carmona v. United States</u>,
390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has
yet to make <u>Blakely</u> retroactive on collateral review);
<u>see</u> <u>also</u> <u>Steele v. United States</u>, 2005 WL 704868, at *16
n. 18 (S.D.N.Y. Mar. 29, 2005); <u>Nnebe v. United States</u>,
2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005).

    In this case, Breault's conviction and sentence
became final in 2003, prior to the Supreme Court's
issuance of the <u>Booker</u> and <u>Blakely</u> decisions.  Because
the law in this Circuit bars retroactive application of
those decisions, Breault's sentence, calculated according
to the Federal Sentencing Guidelines in effect at that
time, cannot be changed.  I therefore recommend that his
§ 2255 motion be DENIED.

<u>Conclusion</u>

    For the reasons set forth above, I recommend that
Breault's motion to strike sentence and for re-sentencing
(Paper 40), construed as a motion filed pursuant to 28
U.S.C. § 2255, be DENIED.

4

Dated at Burlington, in the District of Vermont,

this day 26th of May, 2005.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge



Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).